IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | | |
|---|---|---|
| COMBS PRODUCE CO., LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:10-cv-01523 |
| | § | |
| CAL-USA BROKERS, INC. AND | § | |
| HARRY MANETTAS, | § | |
| | § | |
| Defendants. | § | |

## PRELIMINARY INJUNCTION

On September 8, 2010, Plaintiff COMBS PRODUCE  CO., LP ("**Plaintiff**") filed its *Complaint for Violations of the Perishable Agricultural Commodities Act of 1930, ("**PACA**") [7 U.S.C. § 499a, et seq.], Breach of Contract, Enforcement of Statutory PACA Trust Provision, Failure to Pay Promptly, Accounting, Actual Fraud, Constructive Fraud, and Injunctive Relief* ("**Complaint**") (Dkt. No. 1) against Defendants CAL-USA BROKERS, INC. ("**Cal- USA**") and HARRY MANETTAS ("**Manettas**") (collectively "**Defendants**") alleging, among other things, violations of the trust provisions of the PACA, 7 U.S.C. §499e (the "**PACA Trust**").

On September 8, 2010, Plaintiff obtained a *Temporary Restraining Order* ("**TRO**") (Dkt. No. 6) freezing assets of Cal-USA and enjoining Cal-USA and its officers, agents, servants, attorneys and persons in active concert or participation with them, as well as any and all banks and financial institutions with whom they may have accounts, from dissipating assets subject to the PACA trust.

**PRELIMINARY INJUNCTION – Page 1**

Following a hearing held on September 14, 2010, at which counsel for Combs and Defendants appeared,[1] the Court extended the TRO until September 27. 2010 at 4:00 p.m. (Dkt. No. 12 – Minute Entry).

Following a hearing held on September 14, 2010, as to which all parties were provided notice, the Court granted Combs' request that the TRO, as extended, be converted into a *Preliminary Injunction* (Dkt. No. 19 – Minute Entry).

This Preliminary Injunction will supersede and replace the TRO, as extended.

Accordingly, it is ORDERED and the Court finds, as follows:

1.  Each of the foregoing recitals, as well as those contained in the TRO, is deemed to be incorporated herein as if fully set forth.

2.      The *Affidavit in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction* filed in conjunction with Plaintiff's *Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction* (the "**Motion**") (Dkt.No. 5) is incorporated herein by reference as if fully set forth and the testimony set forth therein is accepted by the Court as true.

3.      The Motion shall be and is hereby GRANTED as set forth herein.

4.      Plaintiff has asserted rights against Cal-USA and Manettas under the PACA Trust provision and other applicable law.

5.      The PACA impresses a statutory, non-segregated floating trust (herein referred to as the "**PACA Trust**") on all of Cal-USA's inventories of perishable agricultural commodities (fresh fruits and vegetables) ("**Produce**"), food or products derived from Produce ("**Products**"),

---

[1] Counsel for Defendants appeared at this hearing and announced that he represented Defendants.  At or following the hearing counsel for Defendants executed that certain *Acceptance of Service* (Dkt. No. 13) indicating that he represented Defendants and accepted service of the Complaint, Summonses, Combs' motion for TRO, the TRO, the

accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "**PACA Trust Assets**") for the benefit of qualifying sellers to Cal-USA, including Plaintiff.

6.      Plaintiff represented that Cal-USA's assets include, but may not necessarily be limited to, certain deposit account balances, inventory, accounts receivable, insurance claims, tax refunds, real estate, rolling stock, equipment, causes of action and litigation proceeds, all of which Plaintiffs assert are subject to the PACA trust and should be included within the PACA trust res.  There is no known or asserted secured interest in any of these assets; in any event, Plaintiff's PACA Trust claim would prime such interest in PACA Trust assets.

7.      This Order is without prejudice to any claim or defense which may be asserted by Cal-USA or Manettas in this action as to liability under the PACA Trust.

8.      Under the terms of the TRO, as extended, Cal –USA was required to establish an interest bearing account at a nationally charted financial institution to be styled the CAL-USA PACA Trust Account into which all PACA Trust assets in the form of money were to have been deposited.  Cal-USA failed to establish this account.  Plaintiff advised the Court that it has established this account at Bank of Texas, N.A., Account No. 8093658094, and will cause to be transferred all funds into this account which were trapped by the Court's TRO served on Cal-USA's bank account at Bank of America.  The Court hereby directs that Plaintiff's counsel, Bruce W. Akerly, shall have sole control over the funds in the PACA Trust Account, subject to Court of the order as to the disposition of any funds, and that such counsel will be responsible to distribute Cal-USA's PACA Trust Assets upon a determination of any valid PACA Trust claims

---

Court's Amended Minute Order (Dkt. No. 7).

**PRELIMINARY INJUNCTION – Page 3**

by Plaintiff.  Mr. Akerly shall bear no liability to any party to this action for undertaking this responsibility, absent gross negligence or willful neglect.  Mr. Akerly and his firm may continue to represent Plaintiff in connection with this matter, including without limitation, the exercise of its rights under the PACA Trust provision.

9.      This Preliminary Injunction is binding upon the parties to this action, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice (or constructive notice through service on their counsel of record by electronic or other means) of the entry of this Preliminary Injunction.

10.      Cal-USA, its agents, employees, officers, directors, partners, owners, and representatives are restrained and enjoined from transferring or dissipating PACA Trust Assets including, without limitation, all PACA Trust Assets, as defined above, or withdrawing funds from the PACA Trust Account or any other account maintained by Cal-USA, except as set forth in this Preliminary Injunction.

11.      Upon reasonable request, during normal business hours, Cal-USA shall provide Plaintiff with access to the former Cal-USA business premises (to the extent they are able to do so), and make available all books and records, including without limitation, all invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices and access to former Cal-USA computers, computer software and related passwords.  Plaintiff shall be entitled to conduct discovery under Rules 26, 30, 34, and 36 of the Federal Rules of Civil Procedure.

12.      The PACA Trust Assets subject to Plaintiff's claims and in the possession of Cal-USA as described herein shall serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

**PRELIMINARY INJUNCTION – Page 4**

Case 2:10-cv-01523-PMP-RJJ   Document 23   Filed 09/30/10   Page 5 of 5

13.     Cal-USA's counsel shall consult in advance with counsel for Plaintiff with respect to all proposed sale or other disposition of Cal-USA's assets (including any proposed surrender or return of property to a lessor or secured party).  In the event Cal-USA's counsel and Plaintiff's counsel are unable to agree as to any such disposition, such dispute shall be submitted to this Court.

14.     The PACA Trust Assets and the PACA Trust Account are subject to the exclusive jurisdiction of this Court.  Monies in the PACA Trust Account shall not be withdrawn or transferred except as provided in this Preliminary Injunction or upon further order of this Court.

15.     Cal-USA and its counsel shall maintain the integrity and security of Cal-USA's financial records including accounts payable and receivable and other tangible property.

16.     If it has not done so already, as requested under the TRO, as extended, Cal-USA and/or its counsel shall provide a detailed listing of all outstanding accounts receivable (herein referred to as the "**Receivables**"), accounts payable and all other assets held in Cal-USA's name to Plaintiff's counsel and any other counsel to this action who so request within five (5) business days of the date of this Preliminary Injunction.

17.     The parties are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure.  The Court reserves the option to set a scheduling conference.

Signed this 30th day of _ September           , 2010.

_____
UNITED STATES DISTRICT JUDGE

**PRELIMINARY INJUNCTION – Page 5**